**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

IN RE:                                            CASE NO.: 19-10033-KKS
                                                           CHAPTER 13

ANGELA M. SALISBURY

       Debtor                      /

**CHAPTER 13 TRUSTEE'S**
**OBJECTION(S) TO CONFIRMATION OF**
**<u>CHAPTER 13 PLAN (DOC. 2)</u>**

**COMES NOW**, LEIGH D. HART, Chapter 13 Trustee, by and through her undersigned attorneys, and hereby objects to confirmation of Debtor(s)' Chapter 13 Plan (Doc. 2) for the following reasons:

1.      According to the Debtor(s)' Form 122C-1 statement, the applicable commitment period is five (5) years, and the Debtor(s)' Plan term is sixty (60) months.

2.      The Plan provides an approximate distribution of ninety-four percent (94%).

3.      Due to possible income fluctuation(s), the distribution to unsecured creditors may increase, and unsecured creditors are entitled to receive six percent (6%) interest to the extent funds are available. The proposed Plan does not provide for same.

4. The distribution amount to be paid to the unsecured creditors, according to the Debtor(s)' Plan, is $10,164.95. This amount does not pay the amount required by the United States Bankruptcy Code, or $12,527.52, which is the amount necessary to provide a distribution of one hundred percent (100%) plus a full six percent (6%) interest and is the amount necessary to meet the minimum distribution according to Form 122C-1.

5. The Plan fails to address the secured Proof of Claim filed by Vend Lease Company, Inc. ($3,535.01).

6. The Trustee objects to the payment of luxury items (1999 Suntracker 25' Party Barge) totaling $11,196.00 absent a distribution of one hundred percent (100%) plus a full six percent (6%) interest to the unsecured creditors.

7. The Debtor(s) does not meet the liquidation test due to non-exempt real and personal property. Specifically, the scheduled amount exceeds the allowable exemption, or $13,898.40, as Schedule A discloses an unencumbered piece of real property located at 419 Stevens Street NW, Steinhatchee, FL 32359 and lists the Debtor(s)' portion of the current value at $6,250.00. Schedule B discloses an unencumbered 2005 Ford F150 valued at $1,500.00; an unencumbered 1997 Chevrolet Astro valued at $1,000.00; an unencumbered trailer valued at $500.00;

and an unencumbered 2006 C&C 33' horse trailer with the Debtor(s)' portion valued at $7,500.00.

8. The Trustee cannot verify the Debtor(s)' income as disclosed on Schedule I as the Debtor(s) has failed to provide employee income records to the Chapter 13 Trustee.

9. The Debtor(s) has failed to provide copies of the United States Income Tax Returns for the two (2) years preceding the date of filing to the Chapter 13 Trustee.

10. The Trustee has not been provided with a copy of the filed Certification from the Debtor(s) that all applicable federal, state and local tax returns, as required, have been filed and served on the Chapter 13 Trustee.

11. The Chapter 13 Trustee has not been served with a copy of a filed Certification stating that Debtor(s) is current with domestic support obligations.

12. The Trustee objects to the following expense categories and accompanying excess expense amounts as exceeding the amount allowable on Form 122C-1 for either an above-median debtor, or as being reasonable and/or necessary for a Schedule "I" and Schedule "J" debtor. The Trustee's objections may be rendered moot if the Debtor(s)' Plan is amended to pay all allowable unsecured claims in full:

a. Food and housekeeping supplies - $900.00, which is the amount the expense appears to be overstated, as the Trustee does not believe $1,500.00 per month is reasonable and/or necessary for a household of two (2);

b. Transportation/Auto Insurance - $578.00, which is the amount the expense appears to be overstated, as the Trustee does not believe $1,370.00 per month is reasonable and/or necessary and has not been provided with documentation to verify said expense;

c. Charitable Contributions - $600.00, as the Trustee has not been provided with documentation to verify the amount and length of said expense;

d. Entertainment - $300.00, which is the amount the expense appears to be overstated, as the Trustee does not believe $500.00 per month is reasonable and/or necessary;

e. Payments to support others who do not live with you - $533.33, as the Trustee has not been provided with documentation to verify said expense.

**RESPECTFULLY SUBMITTED**.

/s/Leigh D. Hart or
/s/William J. Miller, Jr.
  OFFICE OF CHAPTER 13 TRUSTEE
  POST OFFICE BOX 646
  TALLAHASSEE, FL 32302
  ldhecf@earthlink.net
  (850) 681-2734 "Telephone"
  (850) 681-3920 "Facsimile"

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been furnished by the court's current CM/ECF notice of electronic filing or first class mail to:

ANGELA M. SALISBURY
823 NW CR 141
JENNINGS, FL 32053

DAMIEN ARANGUREN
118 WEST FORT KING STREET
OCALA, FL 34471

on the same date as reflected on the Court's docket as the electronic filing date for this document.

/s/Leigh D. Hart or
/s/William J. Miller, Jr.
  OFFICE OF CHAPTER 13 TRUSTEE

February 20, 2019